UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

**JORGE A. TORRES, JR.,**

    **Plaintiff,**

v.                                                                                       **Case No: 5:16-cv-589-Oc-30PRL**

**AMY TOOLEY, FLORIDA
DEPARTMENT OF CHILDREN AND
FAMILIES and FIVE UNKNOWN
FLORIDA DCF EMPLOYEES**

    **Defendants.**

___

**REPORT AND RECOMMENDATION[1]**

Before the Court is *pro se* Plaintiff's motion for a temporary injunction against Defendant Amy Tooley. (Doc. 3). Shortly after Plaintiff filed this motion, I ordered Plaintiff to show cause why the motion should not be denied. (Doc. 5). In that order, I noted that the motion does not meet rule Local Rule 4.05, that the motion fails to state a legal basis for injunctive relief, and that the motion apparently seeks relief involving proceedings conducted by the Florida Department of Children and Families, the state agency that Tooley works for.

Also in that order, I noted the apparent similarities between this case and a case that Plaintiff filed last April. Indeed, both cases seek relief against Tooley and DCF, and both cases appear to arise from DCF proceedings (or events related to DCF, through the acts of Tooley in her official capacity). Thus I ordered Plaintiff to show cause to why these cases are not duplicative.

___

[1] Within 14 days after being served with a copy of the recommended disposition, a party may file written objections to the Report and Recommendation's factual findings and legal conclusions. *See* Fed. R. Civ. P. 72(b)(3); Fed. R. Crim. P. 59(b)(2); 28 U.S.C. § 636(b)(1)(B); Local Rule 6.02. A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation. *See* 11th Cir. R. 3-1.

*See, e.g., Greene v. H & R Block E. Enterprises, Inc.*, 727 F. Supp. 2d 1363, 1367 (S.D. Fla. 2010) ("It is well settled that a plaintiff 'may not file duplicative complaints in order to expand [his or her] legal rights.'") (quoting *Curtis v. Citibank*, 226 F.3d 133, 140 (2d Cir. 2000)).

Plaintiff has now responded to the order to show cause. (Doc. 8). But in his response, though Plaintiff addresses why these case are not duplicative, he does not address his deficient motion for a temporary injunction. Accordingly, I cannot recommend that Plaintiff's motion (Doc. 3) be granted.[2]

I must, instead, submit that Plaintiff has failed to state a basis for the entry of a temporary injunction. As an initial matter, and as stated in the order to show cause (Doc. 3, n.2), the motion does not conform to the Local Rules. *See* L.R. 4.05(b)(1–6). Likewise, Plaintiff does not set forth any argument on the elements necessary to obtain injunctive relief: he does not address (1) the substantial likelihood of success on the merits; (2) the substantial threat of irreparable injury if relief is denied; (3) whether he may suffer an injury that outweighs the opponent's potential injury if relief is not granted; and (4) whether an injunction would not do harm to the public interest.

To obtain the relief he seeks, Plaintiff must address these elements. *See, e.g.*, *Bloedorn v. Grube,* 631 F.3d 1218, 1229 (11th Cir. 2011). Indeed, when a party moves for a temporary restraining order, Local Rule 4.05 requires a brief or legal memorandum on these very elements:

> The brief or legal memorandum submitted in support of the motion must address the following issues: (i) the likelihood that the moving party will ultimately prevail on the merits of the claim; (ii) the irreparable nature of the threatened injury and the reason that notice cannot be given; (iii) the potential harm that might be caused to the opposing parties or others if the order is issued; and (iv) the public interest, if any.

But neither the motion (Doc. 3), nor the response to the order to show cause (Doc. 8), contain a brief or legal memorandum.

---

[2] Tooley opposes Plaintiff's motion (Doc. 7), and she has moved to dismiss this case (Doc. 6) raising issues of immunity and abstention.

As to the duplicity of Plaintiff's cases, Plaintiff represents that they do not arise out of the same transaction or occurrence. (Doc. 8). Specifically, Plaintiff states that this case arises from events that occurred after he filed suit in April. He elaborates that this case involves, among other events, an alleged false report drafted in May.

While this case may be duplicative of the prior one (*see, e.g.*, *Greene v. H & R Block E. Enterprises*, Inc., 727 F. Supp. 2d 1363, 1367 (S.D. Fla. 2010) (noting that a later-filed suit may be dismissed if it "arises out of the same transaction *or series of transactions as the first suit*") (emphasis added)), given Plaintiff's assertion that it isn't, and absent additional briefing on the matter, I will simply address the principal issue before me—i.e., the motion for temporary injunction—and recommend that it be denied.[3]

Accordingly, it is respectfully **RECOMMENDED** that Plaintiff's motion for a temporary injunction (Doc. 3) be **DENIED**.

**Recommended** in Ocala, Florida on October 17, 2016.

_____
PHILIP R. LAMMENS
United States Magistrate Judge

Copies furnished to:

Presiding District Judge
Counsel of Record
Unrepresented Party
Courtroom Deputy

---

[3] Notably, if both cases do proceed, the cases may be consolidated. *See* Fed. R. Civ. P. 42(a) (allowing the court to consolidate actions that involve common questions of law or fact).