**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**OCALA DIVISION**

JORGE A. TORRES, JR.,

    Plaintiff,

v.                                          Case No: 5:16-cv-589-Oc-30PRL

AMY TOOLEY, FLORIDA
DEPARTMENT OF CHILDREN AND
FAMILIES and FIVE UNKNOWN
FLORIDA DCF EMPLOYEES,

    Defendants.

## ORDER

THIS CAUSE comes before the Court on Defendant Amy Tooley's Motion to Dismiss Plaintiff's Emergency Complaint (Doc. 6). Plaintiff did not timely respond to Defendant's motion, and this Court ordered Plaintiff to show cause (Doc. 10) why the Court should not rule on Defendant's motion without a response from Plaintiff. Plaintiff did not respond to the Court's Order to Show Cause. The Court, therefore, has considered Defendant's motion without a response from Plaintiff. Having considered Defendant's motion, the complaint (Doc. 2), and the relevant law, the Court concludes Plaintiff's action must be dismissed.

In recognition of Plaintiff's *pro se* status, the Court affords Plaintiff wide latitude when construing his pleading. Although the Court holds Plaintiff as a *pro se* litigant to "a less stringent standard," Plaintiff may not rely on conclusory allegations or legal

conclusions in the place of factual allegations to overcome a motion to dismiss. *See Tannenbaum v. United States*, 148 F.3d 1262, 1263 (11th Cir. 1998).

In short, Plaintiff sued Defendant, in her official and individual capacities, because of Defendant's investigation of Plaintiff pursuant to her role as a Department of Children and Families ("DCF") investigator. Plaintiff alleges Defendant made false reports and presented false testimony against him, thus violating his constitutional rights. Specifically, he is suing Defendant for a due process violation and equal protection violation.

In her motion, Defendant argues that she, in her individual capacity, is entitled to qualified immunity and litigation immunity. The Court agrees. As Defendant notes, "The purpose of [qualified] immunity is to allow government officials to carry out their discretionary duties without the fear of personal liability or harassing litigation, protecting from suit all but the plainly incompetent or one who is knowingly violating the federal law." *Lee v. Ferraro*, 284 F.3d 1188, 1194 (11th Cir. 2002). Here, Defendant has shown that she was acting within her discretionary authority as a DCF investigator, and Plaintiff failed to meet his burden of establishing that Defendant violated a clearly established constitutional right. *Id.* Moreover, any statements Defendant made in court regarding Plaintiff is covered by prosecutorial immunity. *Long v. Satz*, 181 F.3d 1275, 1278–79 (11th Cir. 1999). As such, the claims against Defendant in her individual capacity must be dismissed with prejudice.

As to her official capacity, Defendant argues she is entitled to Eleventh Amendment immunity. Again, the Court agrees. A suit against Defendant in her official capacity is a suit against DCF. Because DCF is a state agency, DCF is entitled to Eleventh Amendment

immunity. *Gamble v. Fla. Dep't of Health & Rehab. Servs.*, 779 F.2d 1509, 1511 (11th Cir. 1986) (finding DCF's predecessor was entitled to Eleventh Amendment immunity); *Jimenez v. Wizel*, 644 F. App'x 868, 872 (11th Cir. 2016). However, because Defendant removed this case from state court, in which Eleventh Amendment immunity would be inapplicable, the Court concludes the official capacity claims should be dismissed without prejudice so Plaintiff can raise them in a court with proper jurisdiction, if he so chooses.

Accordingly, it is ORDERED AND ADJUDGED that:

1. Defendant's motion (Doc. 6) is GRANTED.

2. Plaintiff's Emergency Complaint (Doc. 2) is DISMISSED with prejudice as to Defendant Amy Tooley in her individual capacity.

3. Plaintiff's Emergency Complaint (Doc. 2) is DISMISSED without prejudice as to Defendant Amy Tooley in her official capacity.

4. The Court also *sua sponte* orders Plaintiff to SHOW CAUSE in writing within seven (7) days why this action should not be dismissed as to the remaining Defendants for lack of service.

**DONE** and **ORDERED** in Tampa, Florida, this 18th day of November, 2016.

JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

Copies furnished to:
Counsel/Parties of Record

3